**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7 | 1 | 10
```

------------------------------------------------- X

**BENARDO SANCHEZ, FABIAN P.**
**OSORIO, MARCOS DILLARZA-**
**BOLAS, DOUGLAS SAMUEL DEL CID**
**RAMOS AND NORMA N. PONCE, on**
**their own behalf and on behalf of others**
**similarly situated,**

**MEMORANDUM OPINION**
**AND ORDER**

**09 Civ. 9072 (SAS)**

                       **Plaintiffs,**

          **- against -**

**LA COCINA MEXICANA, INC., LA**
**COCINA ON THIRD AVENUE, INC.,**
**AND JORGE URZUA, an individual,**

                       **Defendants.**

------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.     INTRODUCTION

          For the reasons discussed below, plaintiffs' motion for conditional

certification of this suit as a collective action and for authorization to give notice

is granted.

## II.    BACKGROUND

          Plaintiffs filed this lawsuit on October 29, 2009.  Plaintiffs, all

restaurant workers formerly employed by defendant, allege that they were paid

through an improper compensation scheme that did not take into account the hours they worked.[1]  Instead, the front-of-house plaintiffs were paid by the shift, which they allege violated the minimum wage, overtime, and spread of hours provisions of the Fair Labor Standards Act ("FLSA") and parallel New York Labor Laws.[2] Plaintiff Bernardo Sanchez was paid by the week, which he alleges violated the overtime provisions of the FLSA and New York Labor Laws.[3]  Plaintiffs now move for conditional certification as a collective action and for authorization to distribute notice to current and former employees of defendants employed in the last three years.[4]  Plaintiffs further request that defendants provide names and last known addresses of these potential opt-in plaintiffs.[5]  Defendants oppose conditional certification, arguing that the plaintiffs are not similarly situated with each other or the potential opt-in plaintiffs.[6]

---

[1]     See Complaint ("Compl.") at 2-4.

[2]     See id.

[3]     See id. at 2.

[4]     See Motion for Conditional Certification as a Collective Action, and to Authorize Notice to Be Distributed to Employees ("Pl. Motion") at 5, 13.

[5]     See id. at 13.

[6]     See Memorandum of Law in Opposition to Conditional Certification and Notice ("Def. Mem.") at 5.

## III.   DISCUSSION

Section 216(b) of the FLSA provides: "[a]n action may be maintained

against any employer . . . by any one or more employees for and on behalf of

himself or themselves and other employees similarly situated."[7]  While the statute

does not define "similarly situated," courts in this Circuit require only that the

named plaintiffs make a "modest factual showing sufficient to demonstrate that

they and potential plaintiffs together were victims of a common policy or plan that

violated the law."[8]  If plaintiffs can make this modest showing through pleadings

and affidavits, the court will conditionally certify the class and may order that

notice be sent to potential class members.[9]  Defendants may later move to decertify

the class "if discovery reveals that the plaintiffs are not similarly situated."[10]

The five plaintiffs have each submitted affidavits, alleging that they

were paid without regard to the hours they worked, and that other employees were

---

[7]     29 U.S.C. § 216(b).

[8]     *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997).
*Accord Garcia v. Pancho Villa's of Huntington Village, Inc.*, 678 F. Supp. 2d 89,
92 (E.D.N.Y. 2010); *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349, 2006 WL
278154, at *1 (S.D.N.Y. 2006).

[9]     *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 Civ. 1148,
2010 WL 2362981, at *1 (S.D.N.Y. 2010).

[10]    *Morales*, 2006 WL 278154, at *1.

similarly compensated.[11]  These affidavits are sufficient to meet plaintiffs' minimal

burden.[12]  Defendants argue that each party has "very different claims."[13]  Plaintiff

Sanchez, who was a cook, was paid differently from the others, who were waiters

and bartenders.[14]  But even though "there may be some differences in the

calculation of damages (should plaintiffs prevail), those differences are not

sufficient to preclude joining the claims in one action."[15] Indeed, defendants' own

affidavit concedes that no plaintiff was paid with regard to the hours they

---

[11]     *See* Pl. Motion at 12-13.  Plaintiffs allege that Defendants employed
approximately fifteen or more individuals at any one time as waiters, bartenders or
cooks. *See id.*

[12]     *See Anglada v. Linens N' Things, Inc.*, No. 06 Civ. 12901, 2007 WL
1552511, at *5 (S.D.N.Y. Apr. 26, 2007) (holding that "personal declarations
referencing similarly situated employees, a common plan or policy of not paying
overtime to this classification of employees, and the specific number of potential
employees who may wish to join this suit . . . satisfy the minimal standards for
conditionally certifying an FLSA collective action at this preliminary stage of the
proceedings").

[13]     Def. Mem. at 10.

[14]     *See id.*  The kitchen staff was paid by the week, while the front of the
house staff was paid by the shift. *See* Compl. at 2-4.  Defendants make a similar
argument as to Plaintiffs Ponce and Bolas, who earned a different amount of shift
pay when they worked as floor managers. *See* Def. Mem. at 10-11.

[15]     *Brzychnalski v. Unesco, Inc.*, 35 F. Supp. 2d 351, 353 (S.D.N.Y.
1999).

worked.[16]  This Court "need not evaluate the merits of plaintiffs' claims in order to
determine that a definable group of 'similarly situated' plaintiffs can exist here."[17]
Plaintiffs have alleged a sufficient factual nexus for conditional certification.

The cases defendants cite to urge denial of conditional certification
are inapposite.  For instance, in *Colozzi v. St. Josephs Hospital Health Center*.[18]
the plaintiffs alleged a common scheme where employees were required to work
through their meal breaks in order to provide patient care.  The district court held
that employees who did not work in patient care could not be similarly situated
with those who did.[19]  Here, the plaintiffs' allegations share a basic factual nexus –
they each allege they were victims of a common scheme to pay the restaurant staff
without regard to the hours they worked.  Bolstered by the admissions of the
defendants' affidavit, it is clear that plaintiffs have carried their initial burden.

It is also appropriate to authorize notice.  Contrary to defendants'

---

[16]     *See* Affidavit of Jorge Urzua ("Urzua Aff."), Ex. A to Def. Mem. ¶¶
10, 12, 16, 21, 23.  Plaintiff Sanchez received pay in cash for overtime, but this too
was paid at a flat rate per week without regard to hours worked.  *Id.* ¶¶ 7-10.
Defendant Urzua admits that "[t]he per week pay structure reflected how I pay all
of my kitchen staff."  *Id.* ¶ 10.

[17]     *Hoffman*, 982 F. Supp. at 261.

[18]     595 F. Supp. 2d 200 (N.D.N.Y. 2009).

[19]     *See id.* at 209.

suggestion, "FLSA plaintiffs are not required to show that putative members of the collective action are interested in the lawsuit in order to obtain authorization for notice of the collective action to be sent to potential plaintiffs."[20]  Plaintiffs have alleged that other employees were paid without regard to hours worked.[21]  The cases defendants cite from other jurisdictions are neither binding nor persuasive, particularly in light of the "broad remedial purpose of the [FLSA], which should be given a liberal construction."[22]

Defendants do not contest plaintiffs' request that notice be authorized for similarly situated individuals employed within the last three years by defendants, or that defendants produce names and last known addresses for these employees.[23]  Instead, defendants argue that the "Further Information" provision in plaintiffs proposed notice, which instructs potential opt-in employees with

---

[20]     *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 466 (S.D.N.Y. 2008).

[21]     *See* Pl. Motion at 12-13.

[22]     *Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978) (per curiam).

[23]     "[C]ourts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management." *Hoffman*, 982 F. Supp. at 262.  Plaintiffs allege willful violations of the FLSA, which has a three year statute of limitations. *See* Pl. Motion. at 13.  Defendants have not argued for a more limited discovery period.

6

questions to contact plaintiffs' attorney, encourages improper ex parte communication.[24]  Defendants' cite one out-of-context quote in support of this proposition.[25]  This argument is wholly without merit, and is rejected.

## IV.    CONCLUSION

For the foregoing reasons, plaintiffs' motion is granted.  The Clerk of Court is directed to close this motion [Document #18].   A conference is scheduled for July 17 at 4:30 pm.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     June 30, 2010
           New York, New York

---

[24]      *See* Def. Mem. at 14.

[25]      *See id.*  The case quoted by defendants, *Ruggles v. Wellpoint, Inc.*, 591 F. Supp. 2d 150, 164 (N.D.N.Y. 2008), concerned, in relevant part, attorney notice sent to prospective class members *before the court granted authorization*.

7

## - Appearances -

**For Plaintiffs:**

Roman Mikhail Avshalumov, Esq.
Helen F. Dalton & Associates, P.C.
69-12 Austin Street
Forest Hills , NY 11375
(718) 263-9591

Richard Kistnen, Esq.
Helen F. Dalton & Associates, P.C.
69-12 Austin Street
Forest Hills , NY 11375
(347) 248-1621

**For Defendants:**

Frederica L. Miller, Esq.
Law Office of Frederica L. Miller
299 Broadway, Suite 800
New York , NY 10007
(212) 661-6844